# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELLY HOME CARE, INC. | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 15-439 |

| | | |
|---|---|---|
| NELLY LLC | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA | : | NO. 15-444 |

## MEMORANDUM OPINION

**Savage, J.**                                                          April 19, 2017

In this dispute over a $4,000 tax refund, Nelly Home Care, Inc. and Nelly LLC (collectively "Nelly") move for an award of $100,180.15 for attorney's fees and costs pursuant to 26 U.S.C.A. § 7430(a).[1] Nelly contends it is entitled to the fees and costs because it won on summary judgment. The government argues that, even though the plaintiffs were successful, Nelly is not a prevailing party under the statute because the government's position was "substantially justified."

We conclude the government was substantially justified in its position. Consequently, Nelly is not entitled to attorney's fees under § 7430(a). Therefore, we shall deny Nelly's motion.

## Background

Nelly sued the United States for a refund of the employer's share of employment taxes in the total amount of $4,000 paid between 2008 and 2012.[2] Nelly claimed it was

---

[1] The two Nelly companies each brought an action.

[2] *See* Compl. (Civ. A. No. 15-439, Doc. No. 1); Compl. (Civ. A. No. 15-444, Doc. No. 1). Documents from the record refer to Civ. A. No. 15-444, unless otherwise noted.

entitled to safe harbor relief under Section 530 of the Revenue Act of 1978 because it had a reasonable basis for treating its workers as independent contractors rather than employees.[3] After discovery, Nelly moved for summary judgment and Judge Dalzell granted the motion.

The parties did not dispute the material facts. Helen Carney formed and managed both Nelly LLC and its successor, Nelly Home Care, Inc.[4] Both companies were providers of home health care services, matching companions with elderly clients.[5] Carney herself was a companion before starting her own business.[6] While working as a companion, she learned that some home care service providers treated their workers as independent contractors.[7]

After forming Nelly LLC in 2004, Carney conducted a survey of twenty home care companies to determine how they classified their companions for tax purposes.[8] Seven of these companies classified companions as independent contractors.[9] The remaining companies treated them as employees.

Shortly after Carney incorporated Nelly Home Care, Inc. in 2009, she attended a mandatory conference at the Pennsylvania Department of Health.[10] At the conference,

---

[3] Compl. ¶ 20.

[4] Carney Dep. (Doc. No. 13-3) at 12:11–24, 17:20–25.

[5] *Id.* at 100–112.

[6] *Id.* at 37:7–10.

[7] *Id.* at 186:8–15, 278:2–12.

[8] Mot. for Summ. J. Ex. 16 (Doc. No. 13-3).

[9] *Id.*; *see also* Gov't. Resp. (Doc. No. 22) at 9.

[10] Carney Dep. at 210.

Carney was told that home care registries, the classification under which Carney registered Nelly Home Care, Inc., treated workers as independent contractors.[11]

In the meantime in 2007, the IRS audited Carney's personal income tax returns for the 2004 and 2005 tax years relative to her reported income and expense deductions.[12] Carney provided the IRS with information about Nelly LLC, including documents relating to gross receipts, expenses, and copies of independent contractor agreements.[13] As a result of the audit, the IRS concluded Carney had underreported her income, commingled business and personal accounts, and charged 80% of her personal expenses through Nelly LLC.[14] Consequently, the IRS adjusted Carney's personal tax liability.

The IRS again audited Carney's personal income tax returns in 2011. This time, the audit was resolved with a "no change" determination.[15]

The IRS later commenced an employment tax audit of Nelly LLC and Nelly Home Care, Inc.[16] It determined that both companies owed a combined total of $4,000 in back employment taxes for tax years 2008–2012.[17] Nelly paid the tax and promptly sought a refund.[18] After hearing nothing from the IRS for six months, Nelly initiated this action,

---

[11] Mot. for Summ. J. Ex. 10 (Doc. No. 13-3); *see also* 28 Pa. Code § 611.5.

[12] *Id.* Ex. 5.

[13] *Id.*; *see also* Decl. of Revenue Agent Seong Y. Lee (Lee Decl.) (Doc. No. 22-2) ¶ 5.

[14] Lee Decl. at ¶ 5.

[15] Decl. of Revenue Agent Benjamin Hosford (Doc. No. 22-3) ¶ 3.

[16] Decl. of Revenue Agent Tara Wigginton (Doc. No. 22-4) ¶ 2.

[17] *Id.*

[18] Compl. ¶¶ 11–14.

claiming it was entitled to relief under the safe harbor provisions of Section 530 of the Revenue Act of 1978.[19]

To invoke the safe harbor of Section 530, the taxpayer must establish that it had a reasonable basis for treating the worker as an independent contractor based on either: (1) legal precedent; (2) a prior audit; or (3) a recognized practice of a significant segment of the relevant industry. *Nu-Look Design, Inc. v. C.I.R.*, 356 F.3d 290, 294 (3d Cir. 2004). In addition to these statutory bases, there is a judicially created "any reasonable basis" safe harbor. *See Boles Trucking, Inc. v. United States*, 77 F.3d 236, 239 (8th Cir. 1996). If the employer-taxpayer establishes any of these bases, it is relieved from liability for paying the employer's share of employment taxes for a worker it had incorrectly treated as an independent contractor.[20]

The government argued that Nelly did not meet any of the statutory safe harbors.[21] First, it argued Nelly failed to meet the industry practice safe harbor because it did not demonstrate that a significant portion of the home health care services industry classified workers as independent contractors.[22] Second, it contended that the prior audit safe harbor did not apply because Nelly was not the taxpayer audited in 2007,[23] which is a requirement for the prior audit safe harbor provision of Section 530.

The government also argued that Nelly failed to establish any reasonable basis for treating its workers as independent contractors to satisfy the judicially created safe

---

[19] *Id.*

[20] *See, e.g.*, Mot. for Summ. J. (Doc. No. 13).

[21] Nelly did not argue that it was entitled to the legal precedent safe harbor of Section 530.

[22] Gov't Resp. at 19.

[23] *Id.* at 14.

4

harbor.[24] To support its position, the government emphasized that Nelly had obtained worker's compensation insurance for its companions, which is typically provided for employees and not independent contractors,[25] and it had failed to obtain advice from an accountant or lawyer on how to classify its workers.[26]

Judge Dalzell granted Nelly's motion for summary judgment. He concluded that although Nelly was not protected by the statutory industry practice or prior audit safe harbors, Nelly had a reasonable basis for treating its companions as independent contractors.[27] In reaching this conclusion, Judge Dalzell considered the cumulative effect of Carney's experience and research, the personal IRS audits which included a review of Nelly's business practices, and Pennsylvania regulations. He found that these factors together provided a reasonable basis for Nelly's decision to classify companions as independent contractors.[28] Accordingly, he entered judgment in favor of Nelly and against the government in the amount of $4,000.00.

**Analysis**

In proceedings brought against the government for tax refunds, "the prevailing party may be awarded a judgment or a settlement for (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C.A. § 7430(a).

---

[24] *Id.* at 22.

[25] Saiz Decl. (Doc. No. 22-1) ¶ 5.

[26] Carney Dep. at 137–38.

[27] *Nelly Home Care, Inc. v. United States*, 185 F. Supp. 3d 653, 660 (E.D. Pa. 2016); *see also* Mem. Op. (Doc. No. 25). Judge Dalzell did not consider whether Nelly was entitled to Section 530's legal precedent safe harbor because Nelly did not argue that it was a basis for granting it relief.

[28] *Id.* at 10–11.

The statute defines a prevailing party as "any party . . . which . . . has substantially prevailed with respect to the amount in controversy, or . . . substantially prevailed with respect to the most significant issue or set of issues presented." 26 U.S.C.A. § 7430(c)(4)(A). However, there is an exception. Where the United States is a defendant and establishes that its position in the proceeding was substantially justified, the plaintiff is not treated as a prevailing party even though the plaintiff prevailed. 26 U.S.C.A. § 7430(c)(4)(B). The United States bears the burden of showing that its position was substantially justified. *Ctr. for Family Med. v. United States*, 614 F.3d 937, 941 (8th Cir. 2010).

"Substantially justified" means the government had a reasonable basis in both law and fact. *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The position taken need not have been correct, only reasonable.

In determining whether the government's position was substantially justified, the court first considers "the available objective indicia of the strength of the Government's position." *Nat'l Org. for Marriage, Inc. v. United States*, 807 F.3d 592, 597 (4th Cir. 2015) (quoting *United States v. Paisley*, 957 F.2d 1161, 1166 (4th Cir. 1992)); *see also Gonzalez v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005). Objective indicia include the terms of any settlement, the stage of litigation where the merits were decided, and the views of other courts on the merits. *Pierce*, 487 U.S. at 568. If the objective indicia are inconclusive, the court makes its own assessment of the merits of the government's position. *Nat'l Org. for Marriage*, 807 F.3d at 598 (citing *Paisley*, 957 F.2d at 1166).

Here, the objective indicia are inconclusive. There was no settlement. Because the case was decided on summary judgment does not mean the government's position

6

was not substantially justified. *See Wiertzema v. United States*, 747 F. Supp. 1363, 1365–66 (D.N.D. 1989). The facts were undisputed. With respect to the legal question, there were no cases where courts had considered the position taken by the government in this litigation.

Nelly did not succeed in demonstrating that it was entitled to relief under the statutory bases under Section 530. Instead, it convinced Judge Dalzell that it had a "reasonable basis" for classifying its companions as independent contractors despite the absence of a statutory basis. The reasonable basis ground is fact-specific and is subject to varying interpretations of the facts and circumstances of the case. The reasonable basis result could have gone either way. Indeed, having reviewed the record, we cannot say we would have ruled as Judge Dalzell had.

Nelly's survey of other home care companies revealed that only seven of the twenty companies treated workers as independent contractors. It was not unreasonable for the government to question Nelly's relying on a minority of home care companies' treatment of workers as independent contractors because it was not a significant portion of the industry.

The prior audit was of Carney's personal tax returns. It was not of Nelly's returns. Hence, the prior audit safe harbor was clearly not available.

That the government did not win on the merits does not establish that its position was or was not substantially justified. Instead, the rationale for the decision is the "most powerful" indicator of whether the government's position was substantially justified. *Paisley*, 957 F.2d at 1167 (internal citations and quotations omitted).

There was no legal precedent, decisional or regulatory. Consequently, the government did not take a position that was contrary to the law. The absence of any

7

precedent justifies the government's pressing for a ruling that would not only resolve the classification issue in this case, but provide guidance in future cases.

Nelly failed to seek advice from an attorney or an accountant about the permissive classification of its workers. It failed to satisfactorily perform a survey that showed that its classification was a long-standing practice in a significant segment of the industry. Finally, it provided worker's compensation insurance for its companions. These factors, together with the lack of any legal precedent, are sufficient to support the reasonableness of the government's position that Nelly's workers were employees, not independent contractors.

## Conclusion

Because the government's position was substantially justified, Nelly is not entitled to attorney's fees and costs under 26 U.S.C.A. § 7430(a). Therefore, we shall deny Nelly's motion for attorney's fees and costs.